UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHENKMAN CAPITAL MANAGEMENT INC., <br><br> Plaintiff, <br><br> -against- <br><br> JONATHAN I. SHENKMAN d/b/a SHENKMAN WEALTH MANAGEMENT, and SHENKMAN WEALTH MANAGEMENT INC., <br><br> Defendants. | Civil Action No. <br><br> **COMPLAINT** |

Plaintiff Shenkman Capital Management Inc. ("Shenkman Capital"), by its attorneys Olshan Frome Wolosky LLP, alleges on knowledge as to its own acts and otherwise on information and belief as follows:

**NATURE OF THE ACTION**

1. This is an action for trademark infringement, unfair competition, trademark dilution, and cyberpiracy in violation of the laws of the United States, New York and common law. Plaintiff seeks an injunction, damages and related relief.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338, and 1367. Plaintiff's claims are predicated upon the Lanham Act, 15 U.S.C. § 1051, et seq., as amended (the "Lanham Act"), and substantial and related claims under the statutory and common law of the State of New York. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**THE PARTIES**

3. Plaintiff Shenkman Capital Management, Inc. is an investment management company founded in 1985, with more than $25 billion in assets under management. Shenkman

Capital is an industry leader in traditional and alternative credit solutions, known globally for the depth of its experience and knowledge. Shenkman Capital focuses on below-investment grade assets. Shenkman Capital is an SEC registered investment advisor, with offices in New York, Stamford, Boca Raton, and London. It is a New York corporation with its headquarters at 151 W. 42nd St., New York, New York. Shenkman Capital is named for its founder, Mark Shenkman.

4. Defendant Jonathan I. Shenkman, d/b/a Shenkman Wealth Management is an individual residing in New York, who on information and belief is the founder and sole shareholder of Shenkman Wealth Management Inc.. Jonathan Shenkman is not related by family or otherwise to Mark Shenkman, the founder of Shenkman Capital.

5. Defendant Shenkman Wealth Management Inc., on information and belief, is a New York corporation with its headquarters at 7600 Jericho Turnpike Suite 302, Woodbury, New York 11797 ("Shenkman Wealth Management", together with Jonathan Shenkman, "Defendants").

## THE SHENKMAN MARKS

6. Shenkman Capital, founded by Mark R. Shenkman, has operated as an investment manager and advisor for almost forty years. It has developed a sterling reputation as a successful financial advisor with a rigorous and disciplined approach. Shenkman Capital is the owner of the SHENKMAN trademark and has used the SHENKMAN trademark in connection with its services since July 22, 1985. In 2018, the Fixed Income Analyst Society (FIASI) inducted Mark Shenkman into its Hall of Fame. In 2023, he received a Lifetime Achievement Award from the Museum of American Finance. The SHENKMAN trademark has acquired considerable value and is well known to the consuming public and trade as identifying and distinguishing Shenkman Capital exclusively and uniquely as the source of the services to which the mark is applied.

7. Shenkman Capital is the owner of several United States trademark registrations for the SHENKMAN trademark:

| Mark | Registration No. | Services |
|---|---|---|
| SHENKMAN | 6631561 | Investment advisory services; Mutual fund advisory services |
| SHENKMAN (logo) | 4738388 | Investment advisory services; Mutual fund advisory services |
| SHENKMAN CAPITAL | 3914361 | Investment advisory services |
| SHENKMAN GROUP | 6204088 | Investment advisory services |
| SHENKMAN FUNDS | 6631562 | Investment advisory services; Mutual fund advisory services |

8. Hereinafter the SHENKMAN Trademarks are collectively referred to as the "SHENKMAN marks".

9. The foregoing trademark registrations are valid and subsisting and are in full force and effect.

## DEFENDANTS' WRONGFUL ACTIVITIES

10. Defendant Jonathan Shenkman worked as an intern at Shenkman Capital in the summer of 2004. As such, he was well aware of the SHENKMAN marks and their reputation in the market.

11. In 2022, Defendant Jonathan Shenkman registered as a financial advisor with Kestra Advisory Services LLC and began doing business as Shenkman Wealth Management. He also incorporated Shenkman Wealth Management Inc., and began using SHENKMAN ON MONEY as a trade name. Defendants' adoption of identical SHENKMAN marks in connection with their

12199343-4

financial advisory and money management services is confusingly similar to Shenkman Capital's use of the SHENKMAN marks.

12. Defendants began to use the domain name www.shenkmanwealth.com for their financial advisory business, which is confusingly similar to Plaintiff's long-established domain name, www.shenkmancapital.com. Defendants also operate social media sites and podcast using the SHENKMAN mark.

13. Plaintiff's general counsel first learned of Shenkman Wealth Management in late August 2023. On August 31, 2023, Shenkman Capital sent a cease and desist letter to Jonathan Shenkman regarding his infringement of the SHENKMAN marks. Plaintiff demanded that Defendants "(a) immediately cease and desist from using the SHENKMAN marks, or any marks confusingly similar thereto, in connection with your services; and (b) agree to permanently refrain from future use of the SHENKMAN marks, or any mark confusingly similar thereto."

14. Despite Jonathan Shenkman's receipt of this cease and desist letter, Defendants failed to cease using the infringing marks.

15. Long after Plaintiff's adoption, use and authorization of use of the SHENKMAN marks and long after Plaintiff's federal registration of its trademarks, Defendants adopted the business name Shenkman Wealth Management and began using the SHENKMAN mark in connection with their business activities.

16. Defendants' adoption of the name Shenkman Wealth Management and other use of the SHENKMAN mark was done willfully in an effort to impermissibly trade upon the goodwill Shenkman Capital has created in the investment management market, and the Shenkman Capital brand name, to unfairly compete with Shenkman Capital, to mislead customers into believing there is some affiliation, connection or association between Defendants and Shenkman Capital and/or is

likely to cause confusion and mistake among the consuming public that Jonathan Shenkman's services are being offered to the consuming public with the sponsorship or approval of Shenkman Capital.

17.     Potential for confusion is high. For example, a simple Google search for Shenkman Wealth Management brings up Jonathan Shenkman's website next to a Google blurb about Shenkman Capital Management:



18.     Defendants' aforementioned acts were willful and intentional. Defendants knew or should have known that the name Shenkman Wealth Management and their use of the SHENKMAN mark is confusingly similar and/or substantially indistinguishable from the SHENKMAN marks, and which unfairly compete with Shenkman Capital.

12199343-4

19. By reason of Defendants' conduct, Shenkman Capital has been and continues to be harmed by Defendants' actions. Upon information and belief, Defendants have profited or will profit by their wrongful conduct and activities.

20. Shenkman Capital has no adequate remedy at law.

### FIRST CLAIM FOR RELIEF
### (TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114)

21. Plaintiff repeats each and every allegation set forth in paragraphs 1 through 20 above as if fully set forth herein.

22. Defendants' use of the SHENKMAN marks, without Plaintiff's consent, constitutes trademark infringement in violation of 15 U.S.C. § 1114, in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the services bearing infringements of the SHENKMAN marks.

23. Defendants were on both actual and constructive notice of Plaintiff's exclusive rights in the SHENKMAN marks prior to their own use of a name that is identical to the SHENKMAN mark. Defendants' use of the SHENKMAN marks was with full knowledge of the goodwill and reputation associated with the SHENKMAN marks. Defendants had no right, license or authority to use the SHENKMAN marks or any other confusingly similar marks.

24. Such conduct on the part of Defendants jeopardizes the goodwill symbolized by the SHENKMAN marks, has injured Shenkman Capital in an amount to be determined at trial, and has caused and threatens to cause irreparable injury to Shenkman Capital for which Shenkman Capital has no adequate remedy at law.

12199343-4

**SECOND CLAIM FOR RELIEF**
**(UNFAIR COMPETITION, 15 U.S.C. §1125(a))**

25. Plaintiff repeats each and every allegation set forth in paragraphs 1 through 24 above as if fully set forth herein.

26. Defendants' use of the SHENKMAN marks, without Shenkman Capital's consent, constitute the use of false or misleading designations of origin and/or the making of false or misleading representations of fact, and/or false advertising in commercial advertising or promotion, in violation of 15 U.S.C. § 1125(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval, affiliation, connection, association, or sponsorship of the services, advertised, distributed, offered for sale and/or sold by Defendants.

27. Such conduct on the part of Defendants jeopardizes the goodwill symbolized by the SHENKMAN marks, has injured Shenkman Capital in an amount to be determined at trial, and has caused and threatens to cause irreparable injury to Shenkman Capital, for which Shenkman Capital has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**
**(DILUTION, 11 U.S.C. §1125(c))**

28. Plaintiff repeats each and every allegation set forth in paragraphs 1 through 27 above as if fully set forth herein.

29. Defendants' use of the SHENKMAN marks, without Plaintiff's consent, constitutes trademark dilution in violation of 15 U.S.C. § 1125(c), in that their willful use of a near identical mark was intended to create an association with Plaintiff's well regarded mark and such use dilutes the distinctive qualities of the SHENKMAN marks.

30. The SHENKMAN marks are well recognized in the investment management space. Plaintiff has used the SHENKMAN marks since 1985. Shenkman Capital is an industry leader in traditional and alternative credit solutions, known globally for the depth of its experience and knowledge, with over $25 billion in assets under management. As such, the SHENKMAN mark is famous and well-known among the relevant consuming public.

31. Defendants willfully adopted the name Shenkman Wealth Management and began to use the SHENKMAN marks in order to create an association with Shenkman Capital, despite there being no actual association between the two firms. In addition, Shenkman Capital has no ability to control the actions of Defendants, and any actions by Defendants, using an identical trademark for identical or highly related services, can reflect negatively on Shenkman Capital.

32. Such conduct on the part of Defendants jeopardizes the goodwill symbolized by the SHENKMAN marks, dilutes the SHENKMAN marks, has injured Shenkman Capital in an amount to be determined at trial, and has caused and threatens to cause irreparable injury to Shenkman Capital, for which Shenkman Capital has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## (CYBERPIRACY, 15 U.S.C. §1125(d))

33. Plaintiff repeats each and every allegation set forth in paragraphs 1 through 32 above as if fully set forth herein.

34. Defendants, with bad faith intent to profit from the SHENKMAN marks, registered the domain name www.shenkmanwealth.com, which is confusingly similar to Plaintiff's www.shenkmancapital.com.

35. Such conduct on the part of Defendants jeopardizes the goodwill symbolized by the SHENKMAN marks, has injured Shenkman Capital in an amount to be determined at trial, and has

caused and threatens to cause irreparable injury to Shenkman Capital, for which Shenkman Capital has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
## (COMMON LAW TRADEMARK INFRINGEMENT)

36. Plaintiff repeats each and every allegation set forth in paragraphs 1 through 35 above as if fully set forth herein.

37. The aforementioned acts of Defendants constitute trademark infringement in violation of the common law of the State of New York.

38. Defendants' misconduct has injured Shenkman Capital in an amount to be determined at trial and has caused, and if not restrained by this Court, will continue to cause, Shenkman Capital serious and irreparably injury for which Shenkman Capital has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF
## (COMMON LAW UNFAIRM COMPETITION)

39. Plaintiff repeats each and every allegation set forth in paragraphs 1 through 38 above as if fully set forth herein.

40. The aforementioned acts of Defendants constitute unfair competition in violation of the common law of the State of New York.

41. Upon information and belief, Defendants' conduct was and is willful and intentional.

42. Defendants' misconduct has injured Shenkman Capital in an amount to be determined at trial and has caused, and if not restrained by this Court, will continue to cause, Shenkman Capital serious and irreparably injury for which Shenkman Capital has no adequate remedy at law.

## EIGHTH CLAIM FOR RELIEF
### (NEW YORK UNFAIR COMPETITON LAW
### N.Y. GENERAL BUSINESS LAW § 360-l)

43. Plaintiff repeats each and every allegation set forth in paragraphs 1 through 42 above as if fully set forth herein.

44. Defendants' conduct constitutes unfair or deceptive practices in violation of New York General Business Law § 360-l.

45. Defendants' bad faith use of the SHENKMAN marks, causes a likelihood of injury and/or actual injury to Shenkman Capital's reputation, and dilutes the distinctive quality of the SHENKMAN marks in that Defendants' conduct causes a likelihood of or actual confusion or misunderstanding as to the source, approval, connection, association, or sponsorship of the services offered by Defendants.

46. Upon information and belief, Defendants' conduct was and is willful and intentional.

47. Defendants' misconduct has caused and will continue to cause irreparable injury to Shenkman Capital, for which Shenkman Capital has no adequate remedy at law.

**WHEREFORE,** Plaintiff prays for relief and judgment against Defendants, as follows:

1. That Defendants, and their affiliated companies, principals, officers, employees, directors, servants, agents, representatives, distributors, and all persons, firms and/or corporations in privity, under their control and/or in active concert or participation with Defendants be temporarily, preliminarily and permanently enjoined and restrained from:

    (a) Imitating, copying, infringing or making unauthorized use of the SHENKMAN marks in any manner whatsoever;

12199343-4

    (b)  Using any trademark or domain name confusingly similar to the SHENKMAN marks in connection with offering investment advisory services or any similar services;

    (c)  Using the SHENKMAN mark, or any mark confusingly similar thereto, in connection with any other business activities, including but not limited to social media and podcasts;

    (d)  Causing actual confusion, a likelihood of confusion, injury to Shenkman Capital's goodwill, reputation and/or business success;

    (e)  Unfairly competing with Shenkman Capital in any manner whatsoever; and

    (f)  Diluting the SHENKMAN mark.

2.    That the Court order that the shenkmanwealth.com domain name be transferred to Shenkman Capital;

3.    That the Court Order that Defendants file with this Court and serve upon Shenkman Capital within thirty (30) days following this Court's entry of any injunction in this action, a written report, under oath, setting forth in detail the manner and form in which Defendants have complied with such injunction;

4.    That Defendants be adjudged to have violated 15 U.S.C. § 1114 by infringing the SHENKMAN marks;

5.    That Defendants be adjudged to have unfairly competed with Shenkman Capital in violation of 15 U.S.C. § 1125(a), New York General Business Law § 360-l and common law;

6.    That Defendants be adjudged to have infringed upon the SHENKMAN marks and to have unfairly competed in violation of the common law of the State of New York;

7. That Defendants be adjudged to have diluted the SHENKMAN mark in violation of 15 U.S.C. §1125(c).

8. That Defendants be adjudged to have obtained and used the shenkmanwealth.com domain name in bad faith in violation of 15 U.S.C. § 1125(d);

9. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that the services of Defendants that have been offered for sale, sold or otherwise circulated or promoted by Defendants are authorized by Shenkman Capital or are related to or associated in any way with Shenkman Capital's services;

10. Requiring Defendants to account and pay over to Shenkman Capital all profits and damages realized by their wrongful acts, pursuant to, *inter alia*, 15 U.S.C. § 1117;

11. Awarding Shenkman Capital its actual damages as a result of Defendants' wrongdoing, pursuant to 15 U.S.C. § 1117(a);

12. Directing that Defendants pay over to Shenkman Capital its costs and reasonable attorneys' and investigatory fees and expenses, together with pre-judgment interest, pursuant to, *inter alia*, 15 U.S.C. § 1117;

13. Directing that Defendants shall transfer the domain name www.shenkmanwealth.com to Plaintiff, pursuant to 15 U.S.C. §1125(d);

14. Ordering that the Court retain jurisdiction of this action for the purpose of enabling Shenkman Capital to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof; and

15. Any and all other relief that this Court deems just and proper.

Dated: New York, New York
October 16, 2023

OLSHAN FROME WOLOSKY LLP

By: /s/Thomas J. Fleming
Thomas J. Fleming
Mary L. Grieco

*Attorneys for Plaintiff*
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300

13

12199343-4